UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
DERIC NELSON,

                Petitioner,

    -against-                          **MEMORANDUM AND ORDER**
                                            13-CV-3447 (KAM)
CHARLES J. HYNES, District Attorney's Office,
City of New York (Kings County),

                Respondent.
------------------------------------x
MATSUMOTO, United States District Judge.

On June 18, 2013, *pro se* petitioner Deric Nelson filed a petition for a writ of habeas corpus "pursuant to the provisions of 28 U.S.C. § 2241-2255." (ECF No. 1, Petition for Writ of Habeas Corpus dated 5/29/13 and filed 6/18/13 ("Pet.") at 1.) For the reasons set forth below, the petition is dismissed without prejudice.

## BACKGROUND

**I.    Petition for Writ of Habeas Corpus**

In the instant petition, petitioner challenges his bond status and other procedures in a pending state criminal case, indictment and docket number 00046-2010, charging him with offering a false instrument for filing in the first degree, grand larceny in the first degree, and falsifying business records in the first degree.[1] Petitioner previously filed a petition challenging his pre-trial detention on the same indictment in *Nelson v. Hynes, et al.*, No. 12-CV-4913-KAM. The history of his arrest and pending prosecution was summarized in this court's January 17,

---

[1] Although petitioner alleges that he has been "sentenced to a total of 125 days" (Pet. at ¶ 3), the court's inspection of the state criminal case docket reveals that no sentence has been entered and that petitioner is scheduled for a court appearance on October 2, 2013.

2013 Order in that previous case. *See Nelson v. Hynes, et al.*, 2013 WL 182793, at *1 (E.D.N.Y. Jan. 17, 2013).[2] The court construed the petition as one brought pursuant to 28 U.S.C. § 2241, and found that, even if it had been properly filed, it must be dismissed for failure to exhaust state court remedies. *Id.* at *4-5.

In the instant petition, petitioner again challenges his custody in the 00046-2010 indictment, alleging that he "is being held against his will by the respondents by way of a bail bond." (*See* ECF No. 1, Pet. filed 6/18/13 at 1.) Petitioner states that he "brings this action on the grounds of the violation of his rights afforded to him by New York State Constitution Articles 1 § 11, and 12, in conjunction with United States Constitution Bill Of Rights 1st, 4th, 5th, 6th, 8th, and 14th Amendments." (Pet. ¶ 7.)

Petitioner further argues that he was denied certain preliminary hearings in his pending criminal case, including *Mapp/Dunaway*, *Huntley*, and *Sandoval* hearings. (Pet. ¶¶ 8-11.) He invokes New York's speedy trial statute, New York Criminal Procedure Law § 30.30, and asserts that his *Miranda* rights and his right to face his accuser have been violated. (Pet. ¶¶ 10, 23-24.) He alleges that "the pre-trial remedies that are afforded to the petitioner [have] been denied in order to conceal potential securities fraud." (Pet. ¶ 17.) In support of his demand for preliminary hearings in the pending criminal case, petitioner attaches two pages from an unlabeled court transcript, which he identifies as a transcript of a proceeding held before Judge Goldberg of the Supreme Court of the State of New York, Kings County, on April 24, 2013. (*See* Pet. ¶ 32.) In the partial court transcript, the Supreme Court of the State of New York stated

---

[2] Petitioner's previous petition was filed by Deric Nelson's father, Burley Nelson, claiming standing to file as Deric Nelson's "next friend." The court found that Burley Nelson lacked standing to file as "next friend," and the petition was dismissed for lack of jurisdiction. The court nonetheless discussed the merits of the petition and determined that petitioner had failed to exhaust state court remedies.

2

that it had already ruled on petitioner's speedy trial motion brought pursuant to New York Criminal Procedure Law § 30.30. (ECF No. 1, Ex. 2, Pet., Partial Transcript at 8.) The court then addressed petitioner's requests for hearings:

> Mr. Nelson, I want to congratulate you. You know why? Because every pretrial hearing that you wanted to get you won. You won. They're not introducing any property, so you won the *Mapp/Dunaway*, congratulations; they're not introducing any statements, so you won the *Huntley* Hearing; they are not introducing any out-of-court identification, so you won the *Wade* Hearing. You won all three without even a hearing. You're terrific.

(*Id.* at 9.) In a misconstrual of this exchange, the petitioner now alleges that "acting Judge Joel M. Goldberg agreed on the record that the petitioner won the pre-trial hearings he requested . . . yet the prosecution has failed to dismiss the charges against the petitioner." (Pet. ¶ 32.)

In addition, petitioner claims, under 42 U.S.C §§ 1983 and 1985, that respondent violated his constitutional rights. Specifically, petitioner alleges that "[b]ased upon the petitioner being an African American male the respondents have violated his right to not be forced into contracts with parties who may have a different religious belief." (Pet. ¶ 21.) He further alleges that "[t]he prosecution has used race and religious diversity to subject the petitioner to cruel and unusual punishment as retaliation for his pleading his rights." (Pet. ¶ 25.) He does not provide any specific allegation of racial or religious discrimination or describe any alleged punishment or retaliation.

Petitioner also alleges a cause of action under the Trust Indenture Act of 1939 ("TIA"), codified at 15 U.S.C. §§ 77aaa-77bbbb. (Pet. ¶¶ 13-20.) He suggests that his criminal prosecution was intended "to conceal potential securities fraud committed on behalf of the People of the State of New York via the Department of Taxation and Finance." (Pet. ¶ 17.) He

further alleges that "[t]he respondents are using a property valued as a security within the Federal Jurisdiction to have the petitioner convicted of charges at a State level." (Pet. ¶ 20.)

Petitioner also attaches to his petition an "Affidavit of Merits" captioned for the Supreme Court of the State of New York, Kings County, and dated April 18, 2013, arguing that his state criminal case should be removed to federal court or dismissed. (*See* ECF No. 1, Ex. 1, Pet., "Affidavit of Merits" at ¶¶ 12-14, 17-18.)

The petition complains of the ongoing state prosecution and bail conditions, but does not include any demand for relief. Two signatures are affixed to the petition, those of Deric Nelson and Margo Nelson. Margo Nelson's role in this proceeding is not defined.

On the same day that he filed the instant petition, petitioner filed a civil action against one of his prior attorneys in the pending criminal case. *See Nelson v. Brown*, No. 13-CV-3446-KAM (E.D.N.Y.).

## II.     Additional Submissions

Petitioner subsequently filed five additional documents in the instant case without leave of court. First, on July 9, 2013, petitioner filed a "Notice of Preventive Injunction" addressed to Magistrate Judge Go alleging the discovery of "New Found" evidence purportedly relevant to petitioner's defense in the pending criminal case. (*See* ECF No. 3, "Notice of Preventive Injunction" ("Not. Preventive Inj.") filed 7/9/13, at 2. ("[S]ome very sensitive hard evidence has been obtained by the petitioner, that will prove beyond a reason of a doubt that for over three years he has fought tooth and nail to prove his innocence . . . and was absolutely correct in doing so.")) The submission attaches a lengthy document captioned for the Kings County Court, entitled "Affidavit in Support of Preliminary Injunction." (*See* ECF No. 3, Ex. 1,

4

Not. Preventive Inj., Affidavit in Support of Preventive Injunction.) The affidavit describes the circumstances leading to petitioner's arrest and pending state prosecution, and alleges causes of action for false arrest and false imprisonment, a series of state law claims, and violations of various federal statutes. (*Id.*)

On September 13, 2013, petitioner submitted a second subsequent filing, an "Affidavit of International Treaties." (*See* ECF No. 4, Affidavit of International Treaties ("Aff. Int'l Treaties") filed 9/13/13.) The "Affidavit" names as respondents Kings County District Attorney Charles J. Hynes, New York City Commissioner of Corrections Dora B. Schriro, and Warden Thomas Hall, and purports to bring a 42 U.S.C. § 1983 claim seeking compensatory and punitive damages. (*Id.* ¶ 3.) Petitioner makes allegations of excessive and unreasonable force resulting in serious physical and mental injury (*id.* ¶ 4), but fails to describe any specific incident or actor. Petitioner also asserts that he should be protected from "practices being used against Blacks," including stop and frisk laws and "various acts of mortgage backed securities fraud." (*Id.* ¶¶ 21-23.) Finally, petitioner cites to various international treaties to support his petition for a writ of habeas corpus (*id.* ¶¶ 24-43), and alleges that his continued prosecution in New York state court violates the Thirteenth Amendment (*id.* ¶ 51).

On September 26, 2013, petitioner filed a "Writ of Mandatory Injunction," requesting this court to intervene in the pending state criminal proceeding against him. (*See* ECF No. 5, Writ of Mandatory Injunction ("Writ Mandatory Inj.") filed 9/26/13 at 2.) Also on September 26, 2013, petitioner filed a "Notice of Removal," seeking to remove the state criminal prosecution to this court. (*See* ECF No. 7, Notice of Removal ("Not. Removal") filed 9/26/13 at 3.) Attached to the "Notice of Removal" is an "Emergency Affidavit to Stop an Illegal/Unlawful

5

Trial," again asking this court to intervene in the pending state criminal proceeding. (*See* ECF No. 7-1, Emergency Affidavit filed 9/26/13 at 1.) Finally, on September 30, 2013, petitioner filed an "Order to Show Cause" against the District Attorney's Office and the Supreme Court of the State of New York in which he seeks to enjoin his state court criminal prosecution. (*See* ECF No. 8, Order to Show Cause filed 9/30/12, at 1.)

## DISCUSSION

The nature of petitioner's claims and desired relief is unclear. To the extent that he wishes to challenge his custody status, he may be able to bring a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, even though his "custody" is limited to the pre-trial bail conditions imposed by the criminal court. *See Nelson*, 2013 WL 182793, at *3 n.3 ("Although petitioner is no longer detained in OBCC, he need not be physically confined in order to satisfy the custody requirement of § 2241 as courts have allowed petitioners on bail, parole, and supervised release to pursue habeas petitions.") (internal quotation marks omitted) (quoting *Marte v. Berkman*, No. 11 Civ. 6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011)).

**I. Exhaustion**

As the court noted in its order dismissing without prejudice petitioner's prior petition, in order to bring a petition for a writ of habeas corpus under § 2241, petitioner must first exhaust the remedies available through state court procedures. *Nelson*, 2013 WL 182793, at *4 (citing *Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001)). The court dismissed the prior petition without prejudice and noted that petitioner had failed to fully exhaust the procedures available in state court. *Id.*

The instant petition does not assert that those procedures have now been exhausted. (*See* Pet. ¶ 6 ("The petitioner exhausted his State remedy in the form [of] a conflict of interest amongst the People of the State of New York in regards to these matters.").) Petitioner has failed to establish any cause for his failure to exhaust his state court remedies or any prejudice resulting from the alleged violation of his federal constitutional rights. *See Robinson v. Sposato*, No. CV-11-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Nor has petitioner asserted that this court's failure to consider his petition will result in a fundamental miscarriage of justice. *Id.* Accordingly, this petition, too, is dismissed without prejudice.

## II. Section 1983 Claim

In liberally construing the petition from a *pro se* litigant, the court has also considered whether petitioner's claims could be maintained as a civil rights action pursuant to 42 U.S.C. § 1983. *See Thompson v. Choinski*, 525 F.3d 205, 209-10 (2d Cir. 2008). Petitioner's initial complaint alleges unspecified racial and religious discrimination, and subsequent filings seek a "Preventive Injunction" and refer to alleged violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985. To the extent that the petition or subsequent filings seek the termination of prosecution and dismissal of the indictment (*see, e.g.*, Not. Preventive Inj. at 1-2; Aff. Int'l Treaties at ¶¶ 14-23, 52 (alleging a conspiracy to convict petitioner of a crime he did not commit and to hold petitioner "involuntarily in servitude"); Order to Show Cause), these claims are precluded by *Younger v. Harris*, 401 U.S. 37 (1971).

Under the *Younger* abstention doctrine, federal courts may not interfere with pending state court criminal prosecutions, absent some extraordinary circumstance such as bad

faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Springfield*, 56 F.3d 391, 393 (2d Cir.), *cert. denied*, 516 U.S. 1012 (1995). Here, the criminal case against plaintiff is still pending, New York has an important state interest in enforcing its criminal laws, and plaintiff is free to raise his constitutional claims in the pending criminal proceedings. Accordingly, to the extent that petitioner seeks to enjoin his criminal prosecution in state court, all of these claims arising from his pending criminal case are dismissed pursuant to *Younger*. Petitioner's September 30, 2013 request for an Order to Show Cause is denied.

Moreover, to the extent petitioner's purported claims under § 1983 could be construed as seeking compensatory and punitive damages due to alleged constitutional violations by District Attorney Hynes, Commissioner Shriro, and Warden Hall, (*see* Aff. Int'l Treaties at ¶ 3), these claims still cannot serve as the basis for a civil action. A plaintiff who proceeds under § 1983 seeking to recover money damages must establish that the named defendants were personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Here, petitioner has not alleged that the named supervisory officials personally participated in the alleged harm or

could otherwise be held liable for the deprivation of any constitutional rights. Accordingly, should petitioner bring a civil rights claim for damages against Hynes, Schriro, and Hall, all claims against these supervisory defendants would be dismissed.

III. <u>**Trust Indenture Act**</u>

Finally, the court has also considered whether petitioner's references to the Trust Indenture Act of 1939 ("TIA"), codified at 15 U.S.C. §§ 77aaa-77bbbb, could assert a viable cause of action. The TIA regulates indentures, including mortgages, deeds of trust, or similar written instruments or agreements, "under which securities are outstanding or are to be issued." 15 U.S.C. § 77ccc. For the limited class of indentures and the related securities to which the TIA applies, it establishes certain duties and responsibilities of indenture trustees and obligors for the purpose of protecting investors. *See* 69 AM. JUR. 2D *Securities Regulation* § 807 (2013).[3] The TIA provides for criminal penalties and civil liability for individuals found to be in violation of its provisions. 15 U.S.C. §§ 77www, 77yyy. Under the TIA, criminal prosecutions are brought in federal district court, while civil actions may be brought in federal or state court. 15 U.S.C. § 77vvv(b); 15 U.S.C § 77v(a) ("The district courts of the United States . . . shall have jurisdiction of offenses and violations . . . concurrent with State and Territorial courts . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.").

In this case, petitioner has not identified any indenture, security, or any obligation of an indenture trustee or other liable party that would fall under the provisions of the TIA and

---

[3] The Trust Indenture Act "was promulgated to insure that indenture security holders would have the services of qualified and disinterested trustees, that they would receive full and continuing disclosure with respect to the securities, and that they would be afforded means by which to communicate with one another for the purpose of the protection of their common interests." 69 AM. JUR. 2D *Securities Regulation* § 807 (2013).

9

could serve as the basis for a civil action against the Kings County District Attorney or any other potential defendant.[4]  Instead, he appears to challenge the validity of the state indictment for grand larceny against him on the grounds that state government officials concealed securities fraud in violation of the TIA.  (*See* Pet. at 3.)  Even if petitioner's purported cause of action under the TIA could be read to provide an independent basis for civil liability in federal court, it still does not permit a federal district court to interfere in a pending state criminal matter and grant the relief petitioner seeks.  Accordingly, petitioner's references to the TIA, construed liberally, do not assert a viable cause of action under the Trust Indenture Act.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice and petitioner's request for an order to show cause is denied.  As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c)(2).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*,

---

[4]  Petitioner asserts that a "security interest was assessed by the New York State Department of taxation and finance and potentially falsely filed with the I.R.S. and the S.E.C." (Pet. ¶ 16.)  Petitioner fails to identify the nature of the alleged security interest other than to state that it is "a property valued as a security." (*Id.* ¶ 20.)  It appears from petitioner's subsequent filings that the property alleged as a security interest is a condominium that petitioner deeded to himself.  (*See* Not. Preventive Inj., Ex. B, Deed.)  In a January 24, 2011 Order by the Supreme Court of the State of New York, Kings County, Judge Bernard Graham concluded that Nelson's deed conveying title to himself was "obviously a product of fraud" and that Nelson did not have any claim to the property.  (Not. Preventive Inj., Ex. M, Notice of Entry dated 2/7/2011, at 2-3.)

369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff, and note service on the docket.

Dated: Brooklyn, New York
 October 2, 2013

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DERIC NELSON,

                Petitioner,

    -against-                              **CIVIL JUDGMENT**
                                                13-CV-3447 (KAM)

CHARLES J. HYNES, District Attorney's Office,
City of New York (Kings County),

                Respondent.
-------------------------------------------------------------------x

Pursuant to the Order issued on October 2, 2013 dismissing the petition without prejudice, it is

**ORDERED, ADJUDGED AND DECREED**: That the petition for a writ of habeas corpus is hereby dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from the Court's order would not be taken in good faith. The Clerk of Court is respectfully requested to enter judgment, send of copy of this Judgment to plaintiff, and note service on the docket.

Dated: Brooklyn, New York
       October 2, 2013

                                                      /s/
                                              KIYO A. MATSUMOTO
                                              United States District Judge